TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN (Cal. Bar No, 190414)
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
1100 United States Courthouse
312 N. Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2727
Facsimile: (213) 894-6269
E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF $185,000.00 IN U.S. CURRENCY AND $198,550.00 IN U.S. CURRENCY | CR MISC. NO. 2:26-cm-00086<br><br>**UNOPPOSED APPLICATION FOR ORDER ALLOWING THE UNITED STATES TO MAINTAIN CUSTODY OF SEIZED PROPERTY PURSUANT TO 18 U.S.C. § 983(a)(3)(B)(ii)(II)**<br><br>[PROPOSED] ORDER LODGED HEREIN |

The United States of America, by its attorneys, Bilal A. Essayli, First Assistant United States Attorney, and Jonathan Galatzan, Assistant United States Attorney, hereby moves for an order allowing the government to maintain custody of property already in the government's possession for possible forfeiture in a related criminal case. In support of its unopposed application, the United States submits as follows:

1. On January 27, 2026, Pasadena Police Department seized $185,000.00 in U.S. Currency, and $198,550.00 (the "seized assets") after obtaining consent to search a bag and a box inside a rental vehicle and inside an AirBnB for forfeiture pursuant to 18

U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

2. The seizing agency commenced administrative forfeiture proceeds against the seized assets by sending notice to potential claimants of the Government's intent to forfeit pursuant to 18 U.S.C. § 983(a)(1), and caused that notice to be published on an official government internet site, www.forfeiture.gov.

3. On April 13, 2026, Gyucho Choi filed a claim contesting the administrative forfeiture of the seized assets.

4. Under 18 U.S.C. § 983(a)(3), the United States had 90 days from the filing of the claim in the administrative forfeiture proceeding to: (1) return the seized assets, (2) commence a civil judicial forfeiture action against the assets, (3) commence a criminal forfeiture action containing an allegation that the seized assets are subject to forfeiture, or (4) request an extension of time from the court.

5. The government has concluded that it will not pursue civil forfeiture of the seized assets but intends to seek the criminal forfeiture of the assets in the event of convictions in any related criminal matter.

6. The government agrees to return the seized assets to the claimant if the government has not obtained, by October 10, 2026, a criminal indictment containing an allegation that the seized assets are subject to forfeiture. In addition, the Claimant maintains all defenses and challenges to the propriety of the seizure and potential forfeiture of the seized assets.

7. On July 10, 2026, Richard A. Schonfeld, counsel for claimant, indicated that the claimant does not oppose this application by the Government.

8. When the government commences a criminal forfeiture action containing an allegation that certain property is subject to forfeiture, and the government has already seized that property by administrative or civil forfeiture process, the government must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(B)(ii)(II).

9. The applicable criminal forfeiture statute is 21 U.S.C. § 853. Besides

authorizing the issuance of criminal restraining orders and seizure warrants to preserve property for forfeiture, see 21 U.S.C. §§ 853(e) & (f), that statute also empowers the Court to "take any other action to preserve the availability of the property . . . for forfeiture . . . ." 21 U.S.C. § 853(e)(1).

10. Here, the government represents that it has taken the seized property into custody for the purpose of forfeiture and that it will preserve the seized property for forfeiture until a related criminal case, including criminal forfeiture proceedings, is resolved.

11. Where the government makes these express representations regarding property already in its custody, the only type of court order needed to "preserve [the government's] right to maintain custody of the property," for the purposes of Section 983(a)(3)(B)(ii)(II), is an order providing that the government may continue to maintain custody of the seized assets until the criminal case is concluded. *United States v. Scarmazzo*, 2007 WL 587183, at *3 (E.D. Cal. 2007) (holding that, where the government originally seized property for administrative forfeiture, in order to preserve its right to maintain custody of that property for criminal forfeiture consistent with 18 U.S.C. § 983(a)(3)(B)(ii)(II), the government need obtain only an order under 21 U.S.C. § 853(e) directing the government to continue to maintain custody of the property pending resolution of the criminal case); *United States v. Standridge*, 2007 WL 2572207, at *2 (M.D. Fla. 2007) (same); *In Re One 2000 White Mercedes* ML320, 220 F. Supp. 2d 1322, 1325-26 (M.D. Fla. 2001) (same).

//

//

WHEREFORE, the United States respectfully requests that this Court issue an order under 21 U.S.C. § 853(e)(1), directing that the United States may maintain custody of the above-referenced seized assets through the conclusion of any related criminal case and expressly concluding that this order satisfies the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Dated: July 10, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

/s/
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA